Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL RUEDO DREGE,<br><br>*Plaintiff,*<br><br>v.<br><br>DAMON McDOUGAL,<br><br>*Defendant.* | Civil Action No. 19-13900<br><br>**OPINION & ORDER** |

## John Michael Vazquez, U.S.D.J.

Plaintiff Angel Ruedo Drege brings the above-captioned action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-3 ("IFP App."). For the reasons discussed below, the Court grants Plaintiff's application to proceed *in forma pauperis* but dismisses Plaintiff's Complaint, D.E. 1 ("Compl."), pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established his inability to pay for the costs of his suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees or costs.

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that

for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds the pleading to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Here, Plaintiff indicates that he is bringing this civil case pursuant to 42 U.S.C. § 1983[1] and 18 U.S.C. § 242. D.E. 1-1 ("Civil Cover Sheet"). 18 U.S.C. § 242 provides for criminal liability and "a private citizen cannot bring any type of criminal claim against another citizen because 'private persons do not have a judicially cognizable interest in the prosecution . . . of another.'" *Brooks v. Dardzinski*, No. 14-7474, 2016 WL 6806339, at *3 (D.N.J. Nov. 17, 2016) (quoting *Kent v. Heridia*, 478 Fed.Appx. 721, 723 (3d Cir. 2012) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))). Therefore, the Court dismisses Plaintiff's Section 242 claim with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Second, Plaintiff's Section 1983 claim appears to be against a *private* attorney, Damon McDougal. D.E. 1, D.E. 1-1. Section 1983 "provides a remedy for the violation of rights created

---

[1] Plaintiff actually cites 18 U.S.C. § 1983, D.E. 1-1, but the Court interprets this to mean 42 U.S.C § 1983. 18 U.S.C. § 1983 does not appear to exist. In addition, Title 18 generally applies to criminal actions rather than civil actions.

by federal law," and to state a Section 1983 claim, a plaintiff must show that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995); *see also* 42 U.S.C. § 1983. In other words, a plaintiff must claim that a *state or local government* employee – not a *private* individual – violated his federal rights. Here, Plaintiff does not allege such. Instead, Plaintiff alleges that Damon McDougal, a *private* attorney, violated his federal rights. D.E. 1. Therefore, the Court dismisses Plaintiff's Section 1983 claim against Defendant McDougal with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court, however, dismisses Plaintiff's Complaint without prejudice. Plaintiff has thirty days to amend his Complaint, in accordance with this Opinion & Order. In amending his Complaint, the Court notes that it does not appear likely that the Court will have subject matter jurisdiction over Plaintiff's suit. Plaintiff, a New Jersey resident, seems to be bringing claims against Defendant, also a New Jersey resident, for breach of contract and legal malpractice. Compl. at 1-3. These appear to be state law claims, and diversity jurisdiction under 28 U.S.C. § 1332 does not appear to exist. Should Plaintiff only assert these claims in his amended complaint, the Court would likely not have subject matter jurisdiction over the matter.[2] However, it appears that a state court would have jurisdiction over the claims.[3] If Plaintiff decides to file this suit in state court, Plaintiff shall notify this Court within thirty days so that the Court can close this matter

---

[2] The Court has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998).

[3] The Court is in no way indicating that such claims have merit. Instead, the Court is merely addressing a threshold issue – the proper court in which to bring such claims.

without dismissing it with prejudice.[4] If, after thirty days, Plaintiff fails to amend his Complaint or notify the Court of his intention to file in state court and withdraw his current federal case, Plaintiff's Complaint will be dismissed with prejudice.

For the foregoing reasons, and for good cause shown,

**IT IS** on this 21st day of June, 2019,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (D.E. 1-3) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's 42 U.S.C. § 1983 and 18 U.S.C. § 242 claims against Defendant McDougal are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff's Complaint (D.E. 1) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of receipt of this Opinion & Order, curing the noted defects; and it is further

**ORDERED** that if Plaintiff instead decides to file this action in state court, Plaintiff shall inform this Court of such decision within thirty (30) days of receipt of this Opinion & Order; and it is further

**ORDERED** that if, after thirty (30) days of receipt of this Opinion & Order, Plaintiff fails to either (a) amend his Complaint, or (b) notify the Court of his decision to file in state court, this Complaint will be dismissed with prejudice. In addition, if Plaintiff files an amended complaint but it is still deficient, this case will be dismissed with prejudice; and it is further

---

[4] A dismissal with prejudice means that Plaintiff will not be able to bring another action against Defendant for the allegations alleged in Plaintiff's Complaint.

4

**ORDERED** that the Clerk of the Court shall serve this Opinion & Order upon Plaintiff by regular and certified mail return receipt.

                                                          _____
                                                          John Michael Vazquez, U.S.D.J.